Gary Fremont v. William Barr Council for the government. We have your motion to dismiss to withdraw your appeal. Is that correct? Yes, your honor. We've discussed it as a panel before taking the bench this morning and we've decided to grant that motion. Thank you, your honor. We will not need oral argument. I'll give opposing counsel a moment to say anything he deems necessary. Well, your honor, it's certainly a disappointment to hear that the Munis issue has gone against us. If there's any possibility of reconsideration, then I would simply point the court toward Suleiman because I think that that case stands for the proposition that when the government has a cognizable interest in preserving, or that is to say, overturning relief that was obtained below, then in that case it was a criminal defendant, but the removal does not eliminate that possibility. And the court acknowledged that it was an arguably speculative possibility. But nevertheless, the court said that there is a jurisdiction to decide the case and decide the case. And given the importance of this case and the number of people who are, the number of cases that have been held for this, the number of people that it affects, we'd respectfully request that the court reconsider its Munis determination, decide the case. We believe it does have jurisdiction to decide the case. And we'd ask the court to reinstate the six month rule decided in Laura. Are there other cases in the pipeline? Obviously there are, correct? So this is not one of those cases where future panels will not be able to grapple with the issue that you want us to grapple with. Well, I think that there are other cases in the pipeline, Your Honor, but nevertheless, whether the court is going to be able to decide those in short order is very much an open question. Since February of 2018, district courts have been wrestling with this issue and still the court has not been able to rule. I mean, the next case that's up, at least according to the government, is Sophia versus Decker. That case, the detainee has not even filed a brief yet. And the critical point to keep in mind, Your Honors, is that all this time, while we're waiting for this next case to come up and holding other cases for Fremont, and then we put another case in the queue and then that case gets dismissed, we wait again. There are lots and lots of people who are not getting the benefit of a six month rule that the court should impose. Oftentimes, those people do not have access to counsel and they are unable to get the benefit of their due process rights. We don't usually speak on issues not before us. We don't hand down instructions in the law. That's absolutely correct, Your Honor. If a court did not have jurisdiction, then of course it couldn't address the six month rule. My point is that the court does still have jurisdiction, even if it is simply a possibility that Mr. Fremont would return. I mean, Your Honors, this case has always had an element of contingency to it. When Mr. Fremont obtained a bond hearing, he was granted release on $50,000 bond, but he does not have $50,000. He has been detained throughout the duration of this proceeding. Nevertheless, what the government has always been arguing is we are entitled to attempt to foreclose any possibility that he gets the benefit of that order and the district court's order granting him a bond hearing. It's the same situation here. I mean, granted- Well, he won below, right? He got all the relief he sought below. He got the bond hearing, he couldn't come up with the dough, and the government now moves to dismiss their appeal. Where do we go from there? Nowhere, as far as I can tell. Well, Your Honor, I would just say that that's not a mootness question. That's a Rule 42 question. So, I mean, if the government can't destroy the court's jurisdiction, the government can ask, can move to dismiss- Government can certainly withdraw its appeal. It can withdraw its appeal. And in this instance, though, Your Honor, the court retains discretion to decide whether to grant that withdrawal, especially now when the motion comes to- Okay, counsel, go with me for a minute. What if we decline to grant the government's dismissal motion? Where do we go from there? The court should decide the case and reinstate Laura's six-month rule. And what will happen is if Mr. Fremont prevails before- Didn't our court already decide the case? Didn't we already decide that he was entitled to a bond hearing? Well, this court has not decided that Mr. Fremont was entitled to a bond- Okay, but say we affirm the district court or whoever granted him a bond hearing, where do we go from there? He got all the relief he ever asked for. Well, Your Honor, that was true from the very beginning of this case. I know. I know. I wondered about this from the very beginning. He got all the relief he ever asked for. Well, just to be clear, Your Honor, it's not our appeal. It's the government's appeal. And the government has always been contesting this point and the government's argument. I would note that in that Sophia versus Decker case that the government cites, they are affirmatively arguing that even somebody who lost the bond hearing outright, put aside someone who was granted release on bond that they can't afford, the government's position in Sophia is that even someone who lost the bond hearing outright, they nevertheless are able to maintain their appeal. The case is not moot because there's the possibility that who knows, maybe they'll get another bond hearing. And that possibility- I think the government would concede today that he won his bond hearing, but he couldn't come up with the money to meet the bond requirements. And in the interim, he was removed from this country. What do we do from that? The government, I think I could tell by counsel's nodding that they will concede that he won below. Well, I think that that's probably true, Your Honor. And again, I think now we're shifting back to the rule 42 question. So if we're in rule 42 land, then the court has jurisdiction. The court can go forward and the government's own papers acknowledge that when there are certain factors- Counsel, what do we have jurisdiction to do? You have jurisdiction to do the exact same thing that you could have done from the outset, which is to say the district court was correct. Mr. Fremont does in fact have a due process right to a bond hearing. And then what? And that going forward- Oh, we would bring him back for a bond hearing, but he already had a bond hearing. Well, no, Your Honor. Of course that's true, but the appealing party here is the government. And we are here on Mr. Fremont's behalf to ensure that he retains the benefit of that order. So before he was removed- Well, he got the benefit of it, he couldn't meet the requirements of the bond. Isn't that correct? He wasn't able to yet, Your Honor. There remains the possibility that he could. And I do not believe that this court would demand certainty that the relief the court grants will absolutely give a real world benefit to the party who wins it. I mean, if you have a discovery- Unless we could order the government to bring Mr. Fremont back, we are without remedies to help you. And I don't think we have the right to order the government to bring him back since he had a bond hearing and couldn't come up with the money. Where else do we go? You're just upset that they removed him during this period in the litigation, but that's not anyone on this Zoom call could do anything about that. Well, we're not here. I mean, I understand your position, Your Honor. And we're not here because we're upset about the removal. We're here because the government is trying to slam the door on the relief. But the door's already been slammed, counsel. That's what I'm saying. Well, I don't agree with that, Your Honor, because if he prevails before the Supreme Court, it's ICE policy 11061.1 that he would be brought back. He would be subject to the same detention regime, and he would be getting the benefit of that order. I mean, it just can't be the case that somebody who wins bond that they can't immediately afford hasn't won anything at all. I mean, suppose somebody inherits money six months later. Would the court say, well, it's a brand new case. They're not entitled to the relief that they won before because at the moment the relief came down, they didn't have the money to afford it. I don't believe that's the case. I see I'm out of time, but Your Honors, we would urge you to reconsider mootness and reinstate Laura's six-month rule. All right. Thank you, counsel. To the government, I assume, counsel, you know how to take yes for an answer and will not want to argue at any length. I mean, Your Honor, at this point, the government agrees with your assessment that under the Rule 42B regulations, you have full discretion. You've exercised it affirmatively for the government, and you are correct. Under ENCAN, we are not obligated to bring him back until he files a petition for cert in the Supreme Court and that petition for cert is granted. So at this point, I agree, Your Honor. He's received the relief he requested. There is no longer a live case or controversy in this case. Is there anything that prevents him from, if we grant, as we plan to, as Judge Pooler said, grant the Rule 42 request for voluntary dismissal, is there anything that would prevent him from petitioning the Supreme Court? No, nothing whatsoever. He does not need to be in U.S. land to file that petition before the Supreme Court. So his rights are protected. There's no prejudice to him. Forget about his residency. Just as a technical matter, does the fact that this is being dismissed pursuant to Rule 42 prevent him from filing a petition to the Supreme Court? For the habeas or for the petition for review, Your Honor? Well, that's part of my question. What would he be petitioning? So in this case, he would be petitioning before the Supreme Court an arbitrary exercise of this Court's discretion in exercising it under Rule 42b. Before the petition for review, he would be challenging the removal order, something that he cannot do through this process because Congress already decided that anything pertaining to a removal order goes through the Supreme Court. None whatsoever. So if I may finish, Your Honor, this Court should resolve the broader questions presented by counsel on a case that has live facts and live claims, like Sophia. Regardless of the posture of that case, it is live. It has live facts and has live claims. And it's only fair for this Court and for the District Courts to issue decisions based on facts. And that case will then attend to the broader issues that counsel is bringing forth regarding other individuals that are not plaintiffs in this case or petitioners in this case. Thank you, counsel. Thank you both. We've already announced our decision. I do not believe any of the argument we've heard, as heartfelt as it was, have changed our mind. We will issue an order later today. Thank you both. Thank you, Your Honor.